IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS LORENZO ARMENTERO,

      Plaintiff,                    No. CIV S-08-2790 KJM GGH P

   vs.

S. WILLIS,

      Defendant.                Supplement to PRETRIAL ORDER

_____/

       In the Pretrial Order, filed on February 3, 2012, plaintiff was given twenty-one days to submit a timely and appropriate witness list and to specifically identify the exhibits he intends to offer at trial. Plaintiff was informed that, should he produce a list of witnesses (subject to the court's approval) and a list of exhibits that were timely and appropriate, they would be considered supplements or addenda to the Pretrial Order.

       As to witnesses, plaintiff declares that the one inmate witness he seeks to call, Kevin Walton, CDCR # J-83251, was an ear-and-eye-witness to incidents relevant to this cause of action. Plaintiff will be permitted to call this inmate witness and a writ will be prepared for his appearance at trial, either by video or in person, at the appropriate time. The other witnesses besides himself and Inmate Walton that plaintiff names are CDCR employees: Warden D.K. Sisto; Appeals Coordinator Cervantes; Correctional Sergeant M. Bradley, R&R Sergeant R.L.

Groeneweg; Officer L. (or F.) Sullivan; Associate Warden R.W. Cappel and the defendant, S. Willis.  As to defendant Willis, Assoc. Warden Cappel and R.L. Groeneweg, these witnesses are already being called by the defendant (and, in any event, as to the defendant, he should be present at trial), so plaintiff need do nothing further to be able to call them as witnesses.  As to, however, Warden Sisto; Appeals Coord. Cervantes; Corr. Sgt. Bradley and Officer Sullivan, plaintiff must follow the procedures outlined in both the Discovery and Scheduling Order, filed on October 23, 2009, and the Further Scheduling Order, filed on November 3, 2011, for obtaining the attendance of these unincarcerated witnesses, i.e., plaintiff must submit a subpoena to the U.S. Marshal for each witness who is unwilling to testify voluntarily, two to four weeks before trial, and the $40.00 daily witness fee.  If, on the other hand, any of his unincarcerated potential witnesses are willing to attend the trial, it is plaintiff's responsibility to notify each such witness as to the time and date of trial.

As to his exhibits, plaintiff has failed to comply with the order to provide a *list* of his exhibits and has, instead, provided the documents themselves, in no particular order. Plaintiff's proposed exhibits include:

1. The summons and the April 23, 2009 amended complaint with attached exhibit copies (which the court has listed and numbered 2 through 17, as plaintiff should have done):

2. May 23, 2008 Director's Level Appeal Decision IAB Case No. 0724312;

3. July 2, 2007 602 appeal;

4. Sept. 26, 2007 602 appeal Log No. CSP-S 07-03179;

5. July 5, 2007 screening form returning appeal documents to plaintiff;

6. Nov. 7, 2007 first level appeal response for appeal Log No. CSP-S 07-03179;

7. Jan. 23, 2008 second level appeal response for appeal Log No. CSP-S 07-03179;

8. Nov. 1, 2006 Mental Health Interdisciplinary Progress Notes showing Remeron under heading "Psych Medications" & progress notes showing plaintiff to be a CCCMS

new arrival on Oct. 4, 2006;

    9. Form showing plaintiff's "housing restrictions" and "disability/assistance" classification;

    10. Plaintiff's inmate pass to "chow hall" on June 24, 2007 stating "No ID" under "Reason";

    11. July 31, 2007 inmate request for interview to Appeals Coordinator Office by plaintiff regarding a July 13, 2007 602 complaint against defendant Willis to which plaintiff states he has had no response;

    12. Aug. 8, 2007 inmate request for interview to defendant Willis concerning the July 13, 2007 602 complaint to which plaintiff states he has received no response;

    13. July 31, 2007 inmate request for interview to Appeals Coordinator Office by plaintiff regarding a July 13, 2007 602 complaint against defendant Willis to which plaintiff states he has had no response;

    14. Aug. 26, 2007 inmate request for interview to Appeals Coordinator Office by plaintiff regarding the July 13, 2007 602 complaint against defendant Willis which was returned to plaintiff by appeals coordinator;

    15. Sept. 4, 2007 inmate request for interview by plaintiff still awaiting a response;

    16. Sept. 6, 2007 first level appeal screening returning documents to plaintiff stating "your appeal is incomplete";

    17. Sept. 17, 2007 complaint from plaintiff to the appeals coordinator;

    18. Plaintiff's reply to defendant's Answer (a document not contemplated within the Federal Rules of Civil Procedures and the Local Rules);

    19. Plaintiff's first set of interrogatories served upon defendant Willis;

    20. Defendant Willis' responses to plaintiff's interrogatories, set one;

    21. Plaintiff's statement of undisputed facts from his opposition to defendant's

1 motion for summary judgment;

2    22. Plaintiff's "notice of motion and motion for summary judgment" (which was construed by the court as his opposition to defendant's motion for summary judgment)[1];

4    23. Plaintiff's objections to Findings and Recommendations;

5    24. Plaintiff's pretrial statement.

Plaintiff's proposed Exhibits 1, 18, 21, 22, 23 and 24 are not appropriate trial exhibits and will be excluded. As for Exhibits 2 through 17, there must be some form of authentication for plaintiff to be able to present these documents as exhibits.

To the extent that plaintiff intended to posit objections to the Pretrial Order by his filings on March 1, 2012 (docket #'s 42 & 45), he has failed to do so. Instead, he argues the merits of his case and/or objects to defendant Willis' intention "to publish various portions of plaintiff's central file to the jury"). See docket # 45. Within the Pretrial Order, the parties are informed of the appropriate time to object to the proposed exhibits of the opposing party, i.e., fourteen days before trial. See Pretrial Order, p. 6.

In the Pretrial Order, the undersigned directed either party following a presentation to plaintiff of certain documents by defendant's counsel which counsel intended to make, to inform the court whether a settlement conference would be helpful. Plaintiff has filed a statement that indicates some willingness to participate in a settlement conference. Counsel for defendant is directed to inform the court within seven days whether counsel believes a settlement

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

---

[1] See Findings and Recommendations, filed on July 12, 2011, adopted by Order (with an exception in the text not relevant here), filed on September 26, 2011.

conference would be productive.  If defendant's counsel fails to do so or otherwise indicates that a settlement conference would not be beneficial, this matter will proceed to trial.

IT IS SO ORDERED.

DATED: March 12, 2012

                                           /s/ Gregory G. Hollows
                                    UNITED STATES MAGISTRATE JUDGE

GGH:009
arme2790.ptosp