1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUIS LORENZO ARMENTERO,

11              Plaintiff,                    No. CIV S-08-2790 GGH P

12       vs.

13   S. WILLIS,                               ORDER

14              Defendant.

15   _____/

16            Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

17   1983.  Pending before the court is defendant's motion for leave to file a second dispositive

18   motion, filed on June 28, 2012.  Dkt. 64.  Plaintiff filed an opposition to this motion on July

19   5,2012 and defendant replied on July 12, 2012.  Dkts. 65, 68.  Upon consideration of the briefs in

20   support of and opposing the motion the court now finds as follows:

21   BACKGROUND

22            In the order and findings and recommendations dated July 12, 2011, the

23   undersigned granted defendant's motion for summary judgment as to plaintiff's Fourteenth

24   Amendment claim and denied the motion as to plaintiff's Eighth Amendment claim.  Dkt. 33 at

25   \\\\\

26   \\\\\

1

1    17.[1]  Thus the action proceeds only as to plaintiff's claim that he was subjected to a violation of

2    his rights under the Eighth Amendment by defendant Willis who confiscated his identification

3    card for ten days which interfered with his psychiatric treatment.[2]  Id.  Specifically, the court

4    found the following material issues in dispute: whether defendant intentionally interfered with

5    plaintiff's psychiatric care, whether he knew that plaintiff was being denied treatment; and

6    whether plaintiff was, in fact, being denied treatment.  Id at 7.  Defendant claims to now have

7    before it an "expanded factual record" which justifies a second summary judgment motion and

8    the opportunity to defeat plaintiff's remaining claim.

9            Defendant raises three factual matters that, if shown to be true, defendant claims

10   would compel summary judgment in its favor.  Defendant does not claim that this new evidence

11   was unavailable at the time it first moved for summary judgment or that anything precluded

12   defendant from obtaining the evidence.  Rather, defendant explains that in light of the court's

13   July 12, 2011 order addressing these factual matters still in dispute, defendant undertook a

14   further inquiry to "address some of the factual questions the Court believed had gone

15   unanswered."  Dkt. 64 at 2.

16           Plaintiff responds that the purportedly new evidence does not compel summary

17   judgment on any of the disputed facts already considered by the court.  The court will address

18   each factual matter raised by defendants to determine whether or not a successive summary

19   judgment motion is warranted.

20   DISCUSSION

21           In addressing the issue of whether defendant presents new evidence that might

22   compel summary judgment on plaintiff's Eighth Amendment claim, it is useful to recall the

23

24        [1]The findings and recommendations were adopted in full, with the exception of the text
     on pages 6:26 through 7:10, by the district judge on September 26, 2011.  Dkt 35.
25
26        [2]A more detailed statement of the allegations giving rise to this claim is laid out in this
     court's July 12, 2011 order and findings and recommendations.  Dkt. 33 at 2-4.

1  elements of an Eighth Amendment violation under § 1983, for which defendant must produce

2  sufficient evidence showing that there is no genuine factual dispute.  Here, defendant must

3  demonstrate the absence of a material fact that defendant was deliberately indifferent to

4  plaintiff's need for psychiatric treatment.  See Estelle v. Gamble, 429 U.S. 97, 105 (1976).  This

5  requires a showing that defendant disregarded a substantial risk of serious harm of which he was

6  actually aware.  See Farmer v. Brennan, 511 U.S. 825, 838-42.

7          Defendant is reminded that plaintiff's burden to show the presence of a genuine

8  issue of fact does not require him to establish a fact conclusively in his favor.  Rather, he need

9  only present evidence from which a reasonable jury might return a verdict in his favor.  See T.W.

10  Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n., 809 F.2d 626, 631 (9th Cir. 1987).

11          _The Court's Discretion to Allow Successive Summary Judgment Motions_

12          Defendant likens his request to the "expanded factual record" which justified a

13  second summary judgment motion in Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir.

14  2010).  Dkt. 64 at 3.  But the analogy is misplaced.  It is true that a district court has wide

15  discretion to permit successive motions for summary judgment, which is particularly appropriate

16  on an expanded record and to foster the "just, speedy, and inexpensive resolution" of lawsuits.  Id

17  at 911-12.  The court, however, also cautioned of the potential for abuse of this procedure and

18  reiterated the discretion maintained by district courts to "weed out frivolous or simply repetitive

19  motions."  Id at 911.  The court finds defendant's motion more akin to the latter rather than the

20  former.

21          In Hoffman, defendant was permitted a second summary judgment motion after a

22  mistrial on the merits was declared.  Id at 910.  The expanded factual record — which justified

23  the successive motion — included testimony from the trial, testimony of an expert deposed after

24  the deadline for filing the initial dispositive motions, and the testimony of a new expert witness

25  whom the court allowed to be added after the mistrial.  Id at 912.  None of those facts, or any

26  similar circumstances, are present here.  Although defendant treats the court's order on summary

1   judgment as an invitation to submit further briefing, it was not.  The "expanded factual record"

2   that defendant claims to now have before it does not include any evidence that could not have

3   been obtained and included in defendant's first motion for summary judgment.  Indeed, all of the

4   factual bases cited by defendant for allowing a successive motion were before the court and

5   referred to in its July 12, 2011 order.

6   *Plaintiff's Need for an ID Card*

7           The gravamen of plaintiff's allegations is that defendant confiscated plaintiff's

8   identification card, without explanation, for ten days which interfered with plaintiff's ability to

9   receive the psychiatric treatment that he was required to undergo.  Dkt. 12 at 3.  As a result,

10  plaintiff suffered  "severe emotional distress, mental anguish, worry, anger, depression, grief and

11  inability to sleep."  Id at 42-44.  A material issue of fact, therefore, is the extent to which plaintiff

12  required his identification card in order to receive his psychiatric medication and whether

13  defendant and plaintiff were aware of the requirements for obtaining plaintiff's medication.

14          In the summary judgment order, this very issue was addressed.  Although

15  defendant averred that he did not intentionally interfere with plaintiff's ability to take his

16  psychiatric medication, the court found that the evidence of a notice outside the facility's pill line

17  clinic window reading  "No ID Card, No Medication," together with plaintiff's averment that

18  defendant knew plaintiff was a psychiatric patient and was required to ensure that he received his

19  medication, raised a genuine issue of material fact that could not be resolved on summary

20  judgment.  See Dkt. 33 at 12; 14-15.  That defendant now offers evidence of other ways for

21  plaintiff to get his medication and that defendant was aware of these alternatives when he

22  confiscated plaintiff's identification card, does not negate the prior evidence plaintiff put forth.  It

23  only furthers the court's finding that the availability of plaintiff's medication is, indeed, a

24  genuine issue of material fact.

25  ////

26  ////

*Plaintiff's Ability to Replace his ID Card*

Defendant claims to have evidence — in the form of third-party declarations — showing that plaintiff might have easily replaced his own identification card during the time in which defendant had confiscated his. Dkt. 64 at 4. But such evidence is more akin to an affirmative defense that plaintiff had a duty but failed to mitigate his damages rather than a dispositive liability issue for which plaintiff bears the burden of proving at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To the extent that the issue is meant to be one of causation, "no harm-no foul" issues of fact remain; such as the time in which plaintiff could have availed himself of this alternative procedure, whether plaintiff should have known of this procedure and so forth. It is somewhat analogous to a deliberate indifference claim arising from a botched prison surgical procedure to which plaintiff objected in the first place but that defendant then claims could have been avoided if plaintiff had utilized a procedure beforehand to request an outside physician. Interesting, but hardly dispositive. Accordingly, there is no reason to allow summary judgment evidence on this issue.

*Medical Administration Records*

Defendant claims that since this court's summary judgment order, and in response to the disputed fact of whether or not plaintiff had been denied medical treatment, counsel has located medical administration records showing that plaintiff in fact received his medication during the ten days his identification card was confiscated. See Dkt. 64 at 5. In a successive summary judgment motion, defendant offers the declarations of six nurses explaining the identification procedure of inmates and how they initialed the records. Id. Whether or not plaintiff was denied medical treatment was specifically considered by this court in its July 12, 2011 summary judgment order. That issue, along with whether defendant knew plaintiff was being denied treatment, was determined to be in dispute by looking to plaintiff's declaration that defendant intentionally failed to ensure that plaintiff received his psychiatric medication, exposing plaintiff to a substantial risk of serious harm. See Dkt. 33 at 7;14-15. Defendant's

attempt to now offer competing declarations on this point does not change that the matter is in dispute.  See T.W. Elec. Serv., Inc. , 809 F.2d at 631 (issue need not be established conclusively in either party's favor, but evidence must show differing versions of the truth).

None of the evidence defendant now seeks to put forth was unavailable or could not otherwise be brought at the time defendant moved for summary judgment.  Additionally, none of the purportedly new evidence would compel summary judgment on a genuine issue of material fact.  Accordingly, because summary judgment in this matter has been resolved, the court will reset a schedule for this litigation.

### *Further Scheduling Order*

The parties will be required to file pretrial statements in accordance with the schedule set forth below.  In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, plaintiff will be required to make a particularized showing in his pretrial statement in order to obtain the attendance of witnesses. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is the plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that:

1               1.  The prospective witness is willing to attend;

2               <u>and</u>

3               2.  The prospective witness has actual knowledge of relevant facts.

4           <u>With the pretrial statement</u>, a party intending to introduce the testimony of

5 incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a

6 written motion for a court order requiring that such witnesses be brought to court at the time of

7 trial.

8 The motion must:

9               1.  State the name and address of each such witness;

10              and

11              2.  Be accompanied by affidavits showing that each witness is willing to

12                 testify and that each witness has actual knowledge of relevant facts.

13       The willingness of the prospective witness can be shown in one of two ways:

14              1.  The party himself can swear by affidavit that the prospective witness

15                 has informed the party that he or she is willing to testify voluntarily

16                 without being subpoenaed.  The party must state in the affidavit when and

17                 where the prospective witness informed the party of this willingness; or

18              2.  The party can serve and file an affidavit sworn to by the prospective

19                 witness, in which the witness states that he or she is willing to testify

20                 without being subpoenaed.

21       The prospective witness' actual knowledge of relevant facts can be shown in one

22 of two ways:

23              1.  The party himself can swear by affidavit that the prospective witness

24                 has actual knowledge.  However, this can be done only if the party has

25                 actual firsthand knowledge that the prospective witness was an eyewitness

26                 or an ear-witness to the relevant facts.  For example, if an incident

occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

Or

2.  The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the affidavit is made by the plaintiff or by the  prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

II.  Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

III.  Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the court.

\\\\\

IV.   Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness.  Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal.  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness' travel expenses.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00.  As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

CONCLUSION

Good cause appearing, pursuant to Fed. R. Civ. P. 16(b), THIS COURT ORDERS AS FOLLOWS:

1.   Defendant's motion for leave to file a second dispositive motion (dkt. 64) is DENIED.

2.   Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before April 12, 2013.  Defendants shall file their pretrial statement on or before April 26, 2013.  The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

3.   Pretrial conference (as described in Local Rule 282) is set in this case for May 10, 2013, before the magistrate judge.  The pretrial conference shall be conducted on

1     the file only, without appearance by either party.

2         4.    The final pretrial conference is set in this case for September 12, 2013 at 10:00

3     a.m.

4         5.    This matter is set for jury trial before the Honorable Gregory H. Hollows on

5     January 13, 2014 at 9:00 a.m.

6  DATED: January 11, 2013

7                       /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11  ggh9

12  arme2790.req for2nd SJ

13

14

15

16

17

18

19

20

21

22

23

24

25

26